UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DELORES IVEY-PAIGE,

                        Plaintiff,              09-CV-6374

            v.                                  **DECISION
                                                and ORDER**
ONE COMMUNICATIONS,

                        Defendant.
_____

## INTRODUCTION

        Plaintiff, Delores Ivey-Paige ("Plaintiff"), proceeding
pro see, brings this action against her prior employer, One
Communications ("Defendant" or "One Communications"), claiming that
One Communications improperly discriminated against her because of
her race and retaliated against her for engaging in a protected
activity in violation of Title VII of the Civil Rights Act of 1964,
42 U.S.C. §2000e, *et seq*. ("Title VII").  Specifically, Plaintiff
alleges that she was not promoted due to her race, and that after
she filed a charge of discrimination against her employer with the
New York State Division of Human Rights, she was retaliated against
by being subjected to a warning and criticism from One
Communications.

    Defendant denies Plaintiff's allegations and moves for summary
judgment pursuant to Rule 56 of the Federal Rules of Civil
Procedure ("Rule 56") on the grounds that Plaintiff has not stated
a prima facie case for retaliation or racial discrimination. <u>See</u>

Defendants Memorandum of Law at 7, 18.  Defendant contends that Plaintiff was not promoted because the promotion she sought was given to an employee who was more qualified.  Further, Defendant contends that the reprimands and criticism Plaintiff received were not adverse employment actions, and were not related to Plaintiff's engaging in a protected activity.  Plaintiff opposes Defendant's motion for summary judgment, arguing that there are genuine issues of material fact indispute.  For the reasons set forth below, I grant Defendant's motion for summary judgement and Plaintiff's Complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff began her employment with One Communications in 2000. See Statement of Undisputed Facts. ("Statement of Facts") ¶¶1, 7.  Plaintiff worked as a "PortOut Provisioner" and was responsible for handling port out and toll free requests for One Communications' operational support systems.  In July, 2008, Plaintiff applied for the position of Team Leader.  Plaintiff was one of four employees to apply for this position.  Each applicant for the position was interviewed by a One Communications' manager. Each applicant was asked the same questions and the responses were scored by the One Communications' manager. Following the interview and selection process, Plaintiff was informed that another applicant was selected for the Team Leader position. After being informed of this decision, Plaintiff reported to her superiors that

2

she felt discriminated against.  <u>See</u> Statement of Facts ¶7.  As a result of this report, a meeting was arranged between Plaintiff and the One Communications Human Resource Director.   During this meeting, Plaintiff reported her belief that she felt discriminated against but did not offer any evidence other than her failure to be promoted.   In response to Plaintiff's complaints, the One Communications Human Resource Director conducted an investigation and determined that no discrimination had taken place.   <u>See</u> Statement of Facts ¶8.  Thereafter, on August 14th, 2008, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights.  <u>See</u> Statement of Facts ¶9.

Plaintiff continued working for One Communications and in November, 2008, she and several other employees received written warnings from their superior, for excessive personal telephone use. <u>See</u> Statement of Facts ¶11. Plaintiff denied that she had made any personal calls.  In response to Plaintiff's denial of personal phone use, One Communications conducted an investigation.  This investigation resulted in a finding that Plaintiff had not used the phones for personal use.  The investigation found that an error had been made in the system that logs telephone calls made by employees.   The logs had associated Plaintiff's name with a different phone number which was assigned to someone else.  When this error was discovered, the written warning that was sent to

Plaintiff was rescinded and was removed from Plaintiff's personnel file.  <u>See</u> Statement of Facts ¶ 12.

On February 9th, 2009, Plaintiff's discrimination charge made against her employer with the New York State Division of Human Rights was dismissed on the basis that there was no probable cause to believe that discrimination had occurred.

On April 28th, 2009, Plaintiff resigned from her job with One Communications and began working as an Associate Consultant of Appeals with Maximus Federal Services.  Plaintiff then filed this action on July 15th, 2009, alleging discrimination on the basis of race, and retaliation.

<b><u>DISCUSSION</u></b>

## I.  <u>Standard for Summary Judgement under Rule 56(c) of the Federal Rules of Civil Procedure</u>

Summary judgment is appropriate pursuant to Rule 56 where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56.  The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 500 U.S. 372, 380-81 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Id.</u> at 1776.

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. P'ship., 22 F.3d 1219, 1224 (2d Cir. 1994) (citing Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1998)).

## II.  Plaintiff's claim alleging racial discrimination based on her failure to be promoted

Plaintiff alleges that she was discriminated against on the basis of her race because she did not receive a promotion for which she applied.  Claims of employment discrimination brought under Title VII are analyzed under the burden shifting framework set forth in  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142-43 (2000).  Initially, the plaintiff bears the burden of proving a prima facie case of discrimination.  To establish a prima facie case of employment discrimination, a plaintiff must show (1) that she belonged to a protected class; (2) that she was

5

qualified for the position she held; (3) that she suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2nd Cir. 1997).

If the plaintiff succeeds in stating a prima facie case, the burden shifts to the defendant to state a legitimate, non-discriminatory reason for the employment action.  Should the employer meet that burden, the burden then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but were a pretext for discrimination, and that discrimination was the true reason.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502-06 (1993).

In the instant case, Plaintiff has satisfied the first three elements required to state a prima facie claim of discrimination. As an African-American she has established that she is a member of a protected class.  Additionally, Defendant concedes for purposes of this motion that Plaintiff was qualified for the position she held.  Plaintiff has further established that she was not selected for a promotion for which she applied.  However, with respect to the final element of Plaintiffs claim, I find that Plaintiff has failed to submit any admissible evidence that her failure to

6

receive a promotion occurred under circumstances that would give rise to an inference of discrimination.

In her deposition, Plaintiff states that she believes the decision not to promote her was based on her race because she could not think of any other reason for her not receiving the promotion.  Dkt # 21-2, at 11-22.  As further evidence of discrimination, Plaintiff alleges that three other African American employees were fired over the course of her employment at One Communications, and this evidence creates an inference of discrimination. "[Also] . . . One Communication as an organization has a disproportionate representation of racial and ethnic groups in leadership positions."  See Pl. Response at No. 2 at 1.[1] However, when questioned about each terminated individual separately, Plaintiff stated that she was not really sure of the circumstances or exact reasons why they were terminated.  See Dkt # 21-2 at 44-48.  Accordingly, Plaintiff failed to offer any evidence to suggest that race played a role in the termination of other African American employees.  Moreover, as a matter of law, a discrimination claim based on one's own personal beliefs, unsupported by adequate admissible evidence, cannot create an inference of discrimination.  See Harlen Assocs. v. Inc. Vill. of Mincola, 273 F.3d 494, 499 (2nd Cir. 2001); see also Cunningham v.

---

[1]  This response was not filed on CM/ECF but nonetheless was accepted and considered by the Court mindful of plaintiff's pro se status.

<u>New York City Transit Authority</u> 2007 WL 2844931 at *2 (S.D.N.Y. 2007).

Plaintiff further alleges that she was discriminated against because the person who received the promotion was not qualified for the position.  According to the Plaintiff, Ms. DeAngelo, the woman who received the promotion, did not meet the minimum employment time qualification for Team Leader.[2]  <u>See</u> Plaintiffs Response to Summary Judgement at 1-2 ("Pl. Response").  Plaintiff alleges that the job posting for Team Leader indicated that candidates were to have more than one year of experience, while Ms. DeAngelo had not been employed at One Communications for more than one year.  Plaintiff further contends that the job posting for Team Leader was changed to require less than one year of experience after Ms. DeAngelo had received the promotion.  <u>Id.</u> Plaintiff fails to cite any evidence to support this assertion. Plaintiff stated in her deposition that she could not recall if the time requirements for the Team Leader job required one year or if it was a different job posting that required one year of experience.  <u>See</u> Dkt # 26-2 ¶10.  However, assuming Plaintiff's allegation is true, One Communications' policy states that hiring or promotion decisions will be based on hiring the most qualified candidate, not necessarily the candidate with the most time with

---

[2] Plaintiff also alleges that Ms. Deangelo lacked the proper "telephony experience," but does not elaborate on what experience was required or how the candidate failed to meet this requirement.

the company.  See Dkt # 21-4 ¶8.  Therefore, plaintiff has failed
to establish an inference of discrimination and thus fails to
state a prima facie claim that the defendant's failure to promote
her was discriminatory.

    Moreover, assuming arguendo that Plaintiff has stated a prima
facie case of discrimination, Defendant has established a
legitimate, non-discriminatory reason for promoting another
applicant rather than Plaintiff.  During the interview process
Plaintiff and three other applicants were asked the same questions
and were scored based on their responses.  Plaintiff received a
score of 45, while Ms. DeAngelo received a score of 58.5.[3]
Statement of Facts ¶5.  The other two applicants received scores
of 48 and 38.5.  Id.  Defendant argues that One Communication used
these scores along with other objective information to make the
final promotion decision.  The Second Circuit has held "there is
nothing unlawful about an employer basing its hiring decision on
subjective criteria, such as the impression an individual makes
during an interview."  Byrnie v. Town of Cromwell, Bd. of Educ.,
243 F.3d 93 (2nd Cir. 2001) (citations omitted).  Plaintiff offers
no evidence that the legitimate reason proffered by Defendant was
a pretext for discrimination.

---

   [3] In her response to Defendant's motion for summary judgement, Plaintiff claims that the
interview score sheet "includes answers to question[s] that were not made by me."  Plaintiff does
not elaborate on this claim or identify which answers are false.  Plaintiff stated in her deposition
that she did not remember any of the questions asked or answers given in the interview.  See Dkt
# 26-2 at 11.

This court finds that Plaintiff has failed to submit any evidence which raises a question of fact as to whether Defendant used racial factors in determining the recipient of the promotion.

**III.  <u>Plaintiff's claim alleging retaliation</u>**

Plaintiff claims that she received a warning for excessive personal cell phone use and a negative performance review as retaliation for her filing a charge of discrimination with the New York State Human Rights Division.  For a plaintiff to establish a prima facie case for retaliation she must show that: (1) she participated in a protected activity; (2) the employer was aware of the activity; (3) an adverse employment action was taken against her; and (4) a causal connection between the protected activity and adverse action.  <u>Papelino v. Albany College of Pharmacy of Union University</u> 633 F.3d 81, 91 (2nd Cir. 2011).

**A.  <u>Retaliation in the form of a warning for excessive personal phone use</u>**

Plaintiff's complaint alleges that the written warning she received for excessive personal phone use was given in retaliation for her having filed a discrimination complaint against the defendant with the New York State Division of Human Rights.  Filing a discrimination complaint with the New York State Division of Human Rights is a protected activity.  <u>See</u> <u>Shah v. New York State Dept. of Civil Service</u> <u>Treglia v. Town of Manlius</u>, 313 F.3d 713, 720 (2nd Cir. 2002).  However, less than a week after this written warning was issued to Plaintiff, it was determined that the warning was

issued erroneously and the warning removed from her record.   <u>See</u>
Statement of Facts ¶12. Plaintiff did not suffer any other adverse
employment conditions, such as loss of pay or loss of any employment
privileges.   <u>See</u> Dkt# 21-2 at 35.

The law is clear that a rescinded warning which did not result
in any changes in employment conditions or terms does not constitute
an adverse employment action.   <u>See</u> <u>Sanders v. New York City Human</u>
<u>Resources Admin.</u>, 361 F.3d 749, 756 (2nd Cir. 2004) (holding no
adverse action where a reprimand was rescinded within two weeks and
had no impact on terms of employment).

Further, Plaintiff fails to establish a casual connection
between the warning and her filing a complaint with the New York
State Division of Human Rights.  Plaintiff offers no evidence other
than her own personal belief that "the likelihood that the phone
number associated with the individual who filed discrimination and
failure to promote charges are odd at best."  This against a
background that "generally pulling phone logs would be specific for
individuals who did not perform their work duties, but the plaintiff
had not received a negative appraisal and was allowed and requested
to work overtime on a consistent basis. <u>See</u> Pl. Response No. 2 at
1.  However, several employees, including Plaintiff, received a
warning for excessive personal phone use.  See Statement of Facts
¶11.  Additionally, the temporal proximity between Defendant's
knowledge of Plaintiff's protected activity and her receiving a

warning is insufficient to establish causation.  Courts in this circuit have routinely held that a claim based on temporal proximity, in which the retaliation happened two months or later than the protected action, defeats an inference of causation. Del Pozo v. Bellevue Hosp. Center, 2011 WL 797464 at *7 (S.D.N.Y. 2011) (citations omitted).  In this case, Plaintiff filed her charge of employment discrimination on August 14, 2008.  Over three months later, on November 25, 2008, Plaintiff received a warning for excessive personal phone use.  Therefore, the time between Plaintiff engaging in the protected activity and receiving the warning is too distant to create a causal connection of discrimination.

This court finds, as a matter of law, that Plaintiff has failed to state a prima facie case of retaliation based on the warning she received for personal phone use.

**B. Retaliation in the form of a negative criticism in a 2008 performance evaluation**

Plaintiff alleges in her deposition testimony, but not in her complaint, that she received some negative criticism in a 2008 performance appraisal due to her filing a discrimination charge with the New York State Human Rights Division.  The appraisal at issue contained a mostly positive review of Plaintiff's job performance but also contained negative criticism in a category called "Operational Excellence."  See Dkt # 21-5 ¶13.  This criticism stated that Plaintiff used an old method of handling work processes.

12

Evidence in the record shows that the evaluation was completed on August 4th, 2008, and was received by Plaintiff on August 15th, 2008. Id. ¶15. Plaintiff filed her charge with the New York State Human Rights Division on August 14th, 2008. The fact that the evaluation was completed before Plaintiff engaged in the protected activity indicates that there was no causal connection between Plaintiff engaging in the protected activity and Defendant's action. See Clark County School Dist. v. Breeden, 532 U.S. 268, 272 (2001). Accordingly, this court finds, as a matter of law, that Plaintiff has failed to state a prima facie case of retaliation based on the negative criticism she received in a 2008 performance evaluation.

## CONCLUSION

For the reasons set forth above, and giving plaintiff every reasonable inference to her claims because of her pro se status, I grant Defendant's motion for summary judgment, and Plaintiff's complaint is dismissed in its entirety with prejudice.


**ALL OF THE ABOVE IS SO ORDERED.**


s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          July 26, 2011

13